■ JOSEPH MAIDENBAUM, Individually and as Executor of EVELYN MAIDENBAUM, Deceased, Appellant, v. ELLIS HOSPITAL et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered December 3,

1973 in Schenectady County, which dismissed the complaint and the action against the defendant Thomas H. Mason, M. D., upon the ground that the plaintiff had failed to enter judgment within one year from default pursuant to CPLR 3215 (subd. [c]). On or about July 31, 1973 the defendant moved to dismiss the action upon the grounds that the court did not have personal jurisdiction over the defendant, Mason, and that the action was now barred by the Statute of Limitations or, in the alternative, for a dismissal of the action for failure to serve a complaint pursuant to CPLR 3012 (subd. [b]). The plaintiff answered the motion by stating that due service of a summons had been made upon the defendant, Mason, within the appropriate period required by the Statute of Limitations, and that the defendant, Mason, had never appeared or demanded a complaint and, accordingly, there had been no failure to serve a complaint. It is apparent from the court's decision that it made no determination of any issues presented by the affidavits in support of the motion and the affidavit in opposition thereto but instead proceeded *sua sponte* pursuant to the provisions of CPLR 3215 (subd. [c]) to dismiss. CPLR 3215 provides for default judgments and subdivision (c) thereof provides that where a plaintiff fails for one year to proceed for the entry of default judgment after a default, the court " shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." The record before Special Term established upon its face that there was a basis for a dismissal of the complaint for a failure to act within the one year period following the default and, as noted, the Civil Practice Law and rules expressly provides that the court may move on its own initiative to dismiss the complaint. However, it is readily apparent that a dismissal is not mandatory and, indeed, may not be had where the plaintiff establishes sufficient cause for delay. (Cf. *Abrams* v. *Resort Constr. Corp.*, 38 A D 735, mot. for lv. to app. den. 30 N Y 2d 674; *Herzbrun* v. *Levine*, 23 A D 2d 744; *Milligan* v. *Hycel Realty Corp.*, 20 A D 2d 527.) Quite obviously, the plaintiff did not attempt to establish any sufficient cause for delay in regard to the ground for dismissal utilized by Special Term, however, it is readily apparent that the appellant had no notice from the moving papers that the failure to take a default judgment would be in issue and it does not appear from the record that Special Term gave the plaintiff any opportunity to respond as to whether or not sufficient cause for delay existed. Upon the present record, the dismissal *sua sponte* was arbitrary in the absence of any opportunity on the part of the plaintiff to respond as to the basis for the dismissal and in view of the fact that the record was not such as to inherently contain information as to the existence of sufficient cause. Order reversed, on the law and the facts, without costs, and motion denied, without prejudice to a renewal thereof within 20 days after the service of the order to be entered hereon together with notice of entry. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.