■ JOSEPH MAIDENBAUM, Individually and as Executor of EVELYN MAIDENBAUM, Deceased, Appellant, v ELLIS HOSPITAL, Defendant, and THOMAS H. MASON, Respondent.—Appeal from so much of an order of the Supreme Court at Special Term, entered May 30, 1975 in Schenectady County, as denied plaintiff's motion to compel defendant Mason to accept service of the complaint and granted defendant Mason's motion to dismiss for failure to serve a complaint. This proceeding has previously been before this court at which time a dismissal of the plaintiff's action against the defendant Mason was reversed without prejudice to a renewal of defendant Mason's motion to dismiss (*Maidenbaum v Ellis Hosp.*, 47 AD2d 683). This malpractice action was initiated against defendant Mason on or about October 15, 1971 by service of a summons pursuant to CPLR 308 (subd 2) upon defendant's secretary at his place of business. A copy of the summons was mailed to defendant at his residence on October 18, 1971; however, the proof of service was not filed as is required by the said CPLR 308 and, accordingly, service was not complete as of the time the motions which resulted in the order now appealed from were made. The plaintiff moved for permission to file proof of service *nunc pro tunc* and Special Term granted that motion. Defendant has taken no appeal from the order and, accordingly, it is now established that the defendant was not in default in appearing as of the time this order was entered because service had never been completed prior thereto and pursuant to CPLR 320 (subd [a]) an appearance is not required until "thirty days after service is complete" in this situation (cf. *Keyes v*

*Mc Laughlin,* 49 AD2d 974). The issues before this court are whether Special Term was correct in dismissing the action for a failure to serve the complaint pursuant to CPLR 3012 (subd [b]) and in denying the motion to compel defendant to accept service. This record does not establish any basis for compelling the defendant to accept service of the complaint. The plaintiff is free to make service pursuant to CPLR 3012 (subd [a]). Accordingly, Special Term properly denied the motion to compel defendant to accept service of the complaint. CPLR 3012 (subd [b]) provides that when the summons is not served with the complaint and the complaint is not served within 20 days after *service of a demand* for the complaint, the court may dismiss the action. In this case no demand was ever made by defendant for a complaint so there is no basis for a dismissal for failure to serve the complaint. The dismissal of the action by Special Term was error and the order must be modified in that regard. Order modified, on the law and the facts, by striking so much thereof as dismisses the action against the defendant Mason, and by inserting a new decretal paragraph denying the motion to dismiss for a failure to serve a complaint, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.