■ BARON ASSOCIATES, Respondent, v SILVIA V. LATORRE et al., Defendants, and ROSE M. ROTONDO, Appellant. [903 NYS2d 447]—

In an action to foreclose a mortgage and cancel a satisfaction of mortgage filed with the Office of the City Register of the City of New York for Queens County, the defendant Rose M. Rotondo appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated November 24, 2009, which denied those branches of her, in effect, renewed motion which were, in effect, for summary judgment dismissing so much of the first cause of action as was to cancel the satisfaction of mortgage on the ground of fraud and the second cause of action for foreclosure insofar as asserted against her, and to cancel the notice of pendency.

Ordered that the order is reversed, on the law and the facts, with costs, those branches of the, in effect, renewed motion of the defendant Rose M. Rotondo which were for summary judgment dismissing so much of the first cause of action as was to cancel the satisfaction of mortgage on the ground of fraud and the second cause of action for foreclosure insofar as asserted against her, and to cancel the notice of pendency, are granted.

In or about December 1999, the defendants Aureliano A. Caba, Rosman Plasencia, Luis J. Espinal, and Jorge Diaz, executed a mortgage note in the sum of $100,000. As security for the note, they executed and delivered to the plaintiff a mortgage covering two Queens properties, one located in Woodhaven and the other in Richmond Hill. In September 2001 the Woodhaven property was sold, and the plaintiff, upon being paid the sum of $52,487.75, released the premises from the mortgage lien. In October 2002 a satisfaction of mortgage pertaining to the Richmond Hill property was recorded in the office of the City Register of the City of New York for Queens County. A satisfaction cover sheet accompanying the satisfaction of mortgage referenced both the Woodhaven property and the Richmond Hill property. In April 2003 the Richmond Hill property, which consisted of one residential condominium unit, was sold to the defendant Iris Vargas, who, in turn, sold it to the defendant Rose M. Rotondo in June 2005. Rotondo's deed to the Richmond Hill property was recorded on June 22, 2005.

In January 2006 the plaintiff commenced this action alleging, inter alia, that the satisfaction of mortgage was fraudulently executed and was procured by fraud. The plaintiff sought, among other things, to cancel the satisfaction of mortgage and reinstate the mortgage, and also sought a judgment of foreclosure.

In early 2008 Rotondo moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated September 3, 2008, the Supreme Court granted that branch of Rotondo's motion which was for summary judgment dismissing so much of the first cause of action as was to cancel the satisfaction of mortgage on the ground of forgery insofar as asserted against her. The Supreme Court denied those branches of Rotondo's motion which were for summary judgment dismissing so much of the first cause of action as was to cancel the satisfaction of mortgage on the ground of fraud and the second cause of action for foreclosure insofar as asserted against her, and to cancel the notice of pendency, without prejudice to renewal upon completion of discovery.

In July 2009 Rotondo, in effect, renewed her prior motion for summary judgment, and the Supreme Court denied the motion. We reverse.

The Supreme Court should have granted those branches of Rotondo's, in effect, renewed motion which were, in effect, for summary judgment dismissing so much of the first cause of action as was to cancel the satisfaction of mortgage on the ground of fraud and the second cause of action for foreclosure insofar as asserted against her, and to cancel the notice of pendency. Rotondo demonstrated that, in June 2005, when she purchased the Richmond Hill property for value from Vargas, the satisfaction of mortgage had already been duly recorded. She was entitled to rely on the satisfaction of mortgage without conducting any further inquiry (*see Bacon v Van Schoonhoven*, 87 NY 446 [1882]; *Regions Bank v Campbell*, 291 AD2d 437 [2002]). Moreover, Rotondo's deed was recorded on June 22, 2005, and the plaintiff did not commence this action and file its notice of pendency until January 2006. Thus, at the time Rotondo purchased the Richmond Hill property, she was not on notice of any prior interest in that property which would lead a reasonably prudent purchaser to make inquiry (*see Fischer v Sadov Realty Corp.*, 34 AD3d 630, 631 [2006]), and there was nothing on the face of the satisfaction of mortgage which would have alerted Rotondo to the plaintiff's claims (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 22 [1979]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Balkin, Belen and Lott, JJ., concur.