■ ONEWEST BANK, FSB, as Successor in Interest to INDY-MAC BANK, FSB, Appellant, v YVETTE MICHEL et al., Defendants, and CITIMORTGAGE, INC., Respondent. [39 NYS3d 485]—

In an action to foreclose a mortgage and to cancel and expunge a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered July 10, 2014, which denied its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Citimortgage, Inc., and pursuant to CPLR 3215 for leave to enter judgment against the remaining defendants upon their failure to appear or answer the complaint, granted the cross motion of the defendant Citimortgage, Inc., for summary judgment dismissing the complaint insofar as asserted against it and, sua sponte, directed the dismissal of the complaint insofar as asserted against the remaining defendants as abandoned pursuant to CPLR 3215 (c).

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c) is deemed to be an

application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting the cross motion of the defendant Citimortgage, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying the cross motion, and (2) by deleting the provision thereof directing the dismissal of the complaint pursuant to CPLR 3215 (c) insofar as asserted against the remaining defendants upon their failure to appear or answer the complaint; as so modified, the order is affirmed, without costs or disbursements.

On November 15, 2006, the defendant Yvette Michel gave a mortgage on residential real property located in Rosedale, Queens, to the plaintiff's predecessor-in-interest to secure a loan in the amount of $380,000. On April 23, 2008, a satisfaction of mortgage was recorded, without the loan balance having been paid off. On August 20, 2008, Michel deeded the property to the defendant Figenie Nicolas, who then gave a mortgage on the property to Carnegie Mortgage, LLC (hereinafter Carnegie), to secure a loan in the amount of $465,000, which mortgage identified Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Carnegie. MERS later assigned that mortgage to Citimortgage, Inc. (hereinafter Citimortgage).

In or about April 2009, the plaintiff commenced this action against, among others, Michel, Nicolas, and Citimortgage, to foreclose Michel's mortgage and to cancel and expunge the satisfaction of mortgage. Citimortgage filed an answer. The remaining defendants neither appeared nor answered the complaint. Four years after the matter was released from the foreclosure settlement conference part, the plaintiff moved for summary judgment on the complaint insofar as asserted against Citimortgage and pursuant to CPLR 3215 for leave to enter a default judgment against the remaining defendants. Citimortgage cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the plaintiff's motion, granted Citimortgage's cross motion, and, sua sponte, directed the dismissal of the complaint insofar as asserted against the remaining defendants pursuant to CPLR 3215 (c) on the ground that the plaintiff failed to provide any excuse for failing to take proceedings to enter judgment against those defendants within one year of their default. The plaintiff appeals.

The plaintiff, in moving for summary judgment on the complaint insofar as asserted against Citimortgage, failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff failed to present an affidavit by a party with personal knowledge of the relevant facts. In its complaint, the plaintiff alleged that the satisfaction of mortgage (hereinafter the satisfaction) was "erroneously" issued and recorded. In support of the plaintiff's motion, however, a representative of the plaintiff's loan servicer stated, in an affidavit, that the satisfaction was "filed fraudulently," and the plaintiff's counsel affirmed that the satisfaction was "erroneously recorded," that it "was not executed nor recorded by Plaintiff or any of its agents," and that it was "fraudulently filed." The plaintiff's representative attested that her affidavit was "based on [her] personal knowledge of the facts contained herein," that her "personal knowledge is based on [her] review of the Servicing Records," and that she was "familiar with the business records maintained by [the loan servicer] for the purpose of servicing mortgage loans, collecting payments and pursuing any delinquencies." However, insofar as the satisfaction of mortgage is concerned, the representative merely stated that "[i]t is [her] understanding that there has been a Satisfaction of Mortgage filed fraudulently satisfying Plaintiff's Mortgage against the Property." Her assertion as to the fraudulent nature of the document is hearsay, as it was not based upon her own direct knowledge and records, nor did she identify the source of her "understanding" so as to establish an exception to the hearsay rule (*see GMAC Mtge., LLC v Bisceglie*, 109 AD3d 874 [2013]; *cf. Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804 [2013]). Likewise, where, as here, the affirmation of an attorney is not based upon personal knowledge of the facts, it is of no probative or evidentiary significance (*see US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]). Since the plaintiff's motion was predicated on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see Bellafiore v L & K Holding Corp.*, 244 AD2d 443 [1997]).

Further, the plaintiff failed to demonstrate, prima facie, that Citimortgage was not an encumbrancer for value (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13 [1979]; *Wells Fargo Bank N.A. v E & G Dev. Corp.*, 138 AD3d 986, 988 [2016]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983

[2011]; *Baron Assoc. v Latorre*, 74 AD3d 714 [2010]; *Winfield Capital Corp. v Green Point Sav. Bank*, 261 AD2d 539 [1999]).

Since the plaintiff failed to meet its prima facie burden, that branch of its motion which was for summary judgment on the complaint insofar as asserted against Citimortgage was properly denied, regardless of the sufficiency of Citimortgage's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Contrary to the Supreme Court's determination, Citimortgage failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Citimortgage failed to demonstrate that its assignor had no knowledge of the alleged fraud or of facts that would have led a reasonable mortgagee to make inquiry of the possible fraud at the time the mortgage was entered into with Nicolas (*see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund*, 96 AD3d 995 [2012]; *Matter of Hill*, 95 AD3d 889 [2012]; *JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126 [2011]). Accordingly, the court should have denied Citimortgage's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Under these circumstances, the Supreme Court improvidently exercised its discretion in sua sponte directing the dismissal of the complaint pursuant to CPLR 3215 (c) insofar as asserted against the remaining defendants, as no extraordinary circumstances existed to warrant dismissal (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d 772 [2016]; *Citimortgage, Inc. v Espinal*, 136 AD3d 857 [2016]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838 [2015]; *Maidenbaum v Ellis Hosp.*, 47 AD2d 683 [1975]).

Moreover, the plaintiff is not entitled to a default judgment pursuant to CPLR 3215 (f) (*see Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116 [2015]; *McGee v Dunn*, 75 AD3d 624 [2010]; *Resnick v Lebovitz*, 28 AD3d 533 [2006]; *Matter of Dyno v Rose*, 260 AD2d 694 [1999]; *Green v Dolphy Constr. Co.*, 187 AD2d 635 [1992]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.