■ U.S. Bank, National Association, as Trustee for RMAC Trust Series 2013-1T, Appellant, v Danny Noble et al., De-

fendants, and 104 Vanderbilt Realty, LLC, Respondent. [41 NYS3d 79]——

In an action, inter alia, to cancel and vacate a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated November 4, 2015, which denied that branch of its motion which was for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

On October 14, 2013, the plaintiff commenced the instant action, inter alia, to cancel and vacate a satisfaction of mortgage dated September 29, 2012, and recorded on December 5, 2012, indicating that a mortgage in the sum of $1,200,000 against property located at 104 Vanderbilt Avenue in Brooklyn (hereinafter the property), had been released and satisfied in full. The plaintiff alleged in the complaint that it was the holder of the subject mortgage and that the mortgage debt had never been satisfied. In an order dated June 23, 2014, the Supreme Court denied that branch of the motion of the defendant 104 Vanderbilt Realty, LLC (hereinafter Vanderbilt), to which the property had been conveyed by deed recorded on March 14, 2013, which was to dismiss the complaint on the ground that the plaintiff lacked standing (*see U.S. Bank, N.A. v Noble*, 144 AD3d 786 [2016] [decided herewith]). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. In an order dated November 4, 2015, the Supreme Court denied that branch of the motion, and the plaintiff appeals.

"Generally, a lien affecting real estate, satisfied through mistake, may be restored to its original status and priority as a lien, provided that no one innocently relied upon the discharge and either purchased the property or made a loan thereon in reliance upon the validity of that satisfaction" (*DLJ Mtge. Capital, Inc. v Windsor*, 78 AD3d 645, 647 [2010]).

Contrary to Vanderbilt's contention, the plaintiff established, prima facie, that it had standing to commence the action. "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360, 361 [2015]). Although the instant action is not a mortgage foreclosure action, the same standard applies under the circumstances presented (*see U.S. Bank, N.A. v Noble*, 144

AD3d 786 [2016] [decided herewith]; *Midland Mtge. Co. v Imtiaz*, 110 AD3d 773, 775 [2013]). A plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note (*see U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]).

The plaintiff established, prima facie, that it was the holder of the note by submitting the affidavit of Selena Mitcherson, an assistant vice president of Rushmore Loan Management Services, LLC (hereafter Rushmore), the plaintiff's loan servicer and attorney-in-fact, along with the note and annexed allonges evidencing the chain of transfers resulting in the transfer of the note to the plaintiff. Mitcherson stated in her affidavit that the original note and mortgage were delivered to the plaintiff on December 31, 2012. In addition, the plaintiff submitted the summons and complaint, establishing that the instant action was commenced on October 14, 2013. Thus, the plaintiff made the requisite showing that it was in possession of the note prior to the commencement of the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]). In opposition, Vanderbilt failed to raise a triable issue of fact as to the plaintiff's standing.

However, the plaintiff failed to demonstrate, prima facie, that the satisfaction of mortgage was erroneously or fraudulently issued (*cf. Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]). Mitcherson stated in her affidavit that, "[p]ursuant to Rushmore's business records as servicer for the loan," the loan was "never satisfied, paid off, or discharged and remained a valid existing lien at all times while[ ] serviced by Rushmore." However, the satisfaction of mortgage was dated September 29, 2012, and was recorded on December 5, 2012. Mitcherson stated in her affidavit that the plaintiff took possession of the note and mortgage on December 31, 2012, and that Rushmore became the servicer of the note on January 25, 2013. Therefore, Mitcherson could not establish the loan's payment history up to the date of the satisfaction by relying on Rushmore's records, but had to rely on the records of the plaintiff's predecessor-in-interest. Since Mitcherson did not assert that she consulted or relied on the records of the plaintiff's predecessor-in-interest, the plaintiff failed to establish, prima facie, that the satisfaction of mortgage was fraudulently or erroneously issued (*see e.g. HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952 [2d Dept 2016]; *Citibank, N.A. v Cabrera*, 130 AD3d 861 [2015]).

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint, regardless of the sufficiency of Vanderbilt's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.