Green Tree Servicing, LLC v Ferando (2019 NY Slip Op 03770)





Green Tree Servicing, LLC v Ferando


2019 NY Slip Op 03770


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-08023 
2016-08027
 (Index No. 70327/15)

[*1]Green Tree Servicing, LLC, respondent,
v
Devinda R. Ferando, also known as Devinda Fernando, et al., defendants, Manil S. Fernando, appellant.


Solomon Zabrowsky, New York, NY, for appellant.
RAS Boriskin, LLC, Westbury, NY (Jason W. Creech of counsel), for respondent.



DECISION & ORDER
In an action to cancel and vacate a satisfaction of mortgage, the defendant Manil S. Fernando appeals from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 29, 2016, and (2) a judgment of the same court, also dated June 29, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant, declaring that the satisfaction of mortgage is set aside as void ab initio and that the two mortgages and a consolidation, extension, and modification agreement are reinstated, and, in effect, denied, without a hearing, that branch of that defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The judgment declared that the satisfaction of mortgage is set aside as void ab initio and that the two mortgages and the consolidation, extension, and modification agreement are reinstated nunc pro tunc.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Manil S. Fernando, declaring that the satisfaction of mortgage is set aside as void ab initio and that the two mortgages and the consolidation, extension, and modification agreement are reinstated, is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Manil S. Fernando.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In July 2001, the defendants Devinda R. Ferando, also known as Devinda Fernando, and Manil S. Fernando (hereinafter together the defendants) obtained two loans from GMAC [*2]Mortgage Corporation (hereinafter GMAC). The loans were secured by two mortgages, one in the amount of $260,000, executed on July 2, 2001 (hereinafter the 2001 mortgage), and the other in the amount of $50,627.43, executed on October 30, 2004 (hereinafter the 2004 mortgage). On the same day the 2004 mortgage was executed, the defendants also executed a consolidation, extension, and modification agreement (hereinafter CEMA), consolidating the outstanding balance remaining on the 2001 mortgage with the 2004 mortgage, for a total consolidated mortgage in the amount of $300,000. In March 2006, a satisfaction of mortgage (hereinafter the satisfaction) was recorded on behalf of GMAC in the office of the Westchester County Clerk.
In December 2015, the plaintiff, as GMAC's assignee, commenced this action against the defendants and others for a judgment declaring that the satisfaction is set aside as void ab initio and that the 2001 and 2004 mortgages and the CEMA are reinstated nunc pro tunc. In February 2016, after none of the defendants answered or appeared in the action, the plaintiff moved pursuant to CPLR 3212 for summary judgment on the complaint. The defendant Manil S. Fernando (hereinafter the appellant) opposed the motion and cross-moved, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based upon improper service of process pursuant to CPLR 308(2) or, alternatively, in effect, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
The Supreme Court granted the plaintiff's motion, finding, among other things, that the plaintiff had established, through an affirmation of counsel, that the satisfaction of mortgage had been inadvertently and erroneously filed. The court, in effect, denied, without a hearing, that branch of the appellant's cross motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based upon improper service of process, and granted that branch of his cross motion which was, in effect, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant. The motion was supported by the affirmation of the plaintiff's attorney and the mortgage documents, including the consolidated note, two mortgage assignments, the CEMA, the satisfaction of mortgage, and the affidavits of service. The plaintiff's attorney, in his affirmation, stated that he was "familiar with the facts in this case" based upon his review of the plaintiff's records and an "independent title search obtained on the subject property." However, he failed to explain how his review and title search warranted the conclusion that the satisfaction of mortgage should be set aside as void ab initio. In addition, the plaintiff failed to submit an affidavit by someone with personal knowledge of the relevant facts surrounding the alleged erroneous or fraudulent nature of the satisfaction of mortgage (see Onewest Bank, FSB v Michel, 143 AD3d 869, 871). Accordingly, the plaintiff failed to demonstrate, prima facie, that the satisfaction of mortgage was erroneously or fraudulently issued (see U.S. Bank, N.A. v Noble, 144 AD3d 788, 790; see Onewest Bank, FSB v Michel, 143 AD3d at 871). Since the plaintiff failed to meet its prima facie burden, we need not determine whether the appellant's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Bank of N.Y. Mellon v Selig, 165 AD3d 872).
Regarding the appellant's cross motion, his contention that the Supreme Court should have granted him a hearing on whether he was properly served with process is without merit. The process server's affidavit of service in this case gave rise to a presumption of proper service (see Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933), which the appellant's conclusory and unsupported statements in his affidavit were insufficient to rebut (see Nationstar Mtge., LLC v Dekom, 161 AD3d at 996; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719; Bank of N.Y. v Samuels, 107 AD3d 653). Specifically, the appellant failed to raise a question warranting a hearing as to whether his elderly mother was "objectively . . . of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the [appellant]" (Roldan v Thorpe, 117 AD2d 790, 791 [internal quotation marks omitted]; see Marathon Structured Asset Solutions Trust v Fennell, 153 AD3d 511, 512) and, thus, a person of "suitable age and discretion" within the meaning of CPLR 308(2).
Accordingly, we agree with the Supreme Court's determination denying, without a hearing, that branch of the appellant's motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based upon improper service of process pursuant to CPLR 308(2).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court