Amalgamated Bank v Freue (2019 NY Slip Op 08984)





Amalgamated Bank v Freue


2019 NY Slip Op 08984


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2017-02230
 (Index No. 506752/13)

[*1]Amalgamated Bank, respondent, 
v
Leon Freue, appellant, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Chezki Menashe and Shoshana Schneider of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC (Akerman LLP, New York, NY [Jordan M. Smith and Thaddieus McCall], of counsel), for respondent.



DECISION & ORDER
In an action to cancel and vacate a satisfaction of mortgage and to foreclose the mortgage, the defendant Leon Freue appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated November 16, 2017. The judgment of foreclosure and sale, upon two orders of the same court, both dated January 3, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Leon Freue and for an order of reference are denied, and the orders dated January 3, 2017, are modified accordingly.
In October 2013, the plaintiff commenced this action against the defendant Leon Freue (hereinafter the defendant), among others, to cancel and vacate a satisfaction of mortgage dated January 12, 2004, and recorded on August 9, 2004, indicating that a certain mortgage against property located in Brooklyn (hereinafter the property) had been released and satisfied in full, and to foreclose the subject mortgage. The defendant joined issue, asserting, inter alia, an affirmative defense challenging the plaintiff's standing. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion.
In two orders, both dated January 3, 2017, the Supreme Court granted the plaintiff's motion in its entirety. Thereafter, in a judgment of foreclosure and sale dated November 16, 2017, the court, inter alia, confirmed the referee's report and directed that the property be sold at a public auction. The defendant appeals.
As a threshold matter, and contrary to the defendant's contention, the plaintiff, which had annexed to the summons and complaint a copy of the note, indorsed to the plaintiff, established, prima facie, its standing to commence this action (see U.S. Bank N.A. v Echevarria, 171 AD3d 979, 980; see also U.S. Bank N.A. v Noble, 144 AD3d 788, 789-790). The defendant, in opposition, failed [*2]to raise a triable issue of fact.
However, the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law on the complaint. Specifically, the plaintiff failed to establish, prima facie, that the 2004 satisfaction of mortgage should be cancelled and vacated. "Generally, a lien affecting real estate, satisfied through mistake, may be restored to its original status and priority as a lien, provided that no one innocently relied upon the discharge and either purchased the property or made a loan thereon in reliance upon the validity of that satisfaction" (U.S. Bank, N.A. v Noble, 144 AD3d at 789 [internal quotation marks omitted]).
In its third cause of action, the plaintiff alleged that the 2004 satisfaction of mortgage had been erroneously recorded "due to a clerical error." However, in support of its motion for summary judgment, the plaintiff failed to submit any admissible evidence to substantiate that allegation. Contrary to the plaintiff's contention, the affidavit of Talya Harris, a document execution specialist of the plaintiff's loan servicer, Nationstar Mortgage, LLC, was insufficient to meet the plaintiff's prima facie burden of proof. Harris's affidavit does not even mention the existence of the 2004 satisfaction of mortgage, let alone provide any evidence that the instrument was recorded in error. Therefore, the plaintiff failed to establish, prima facie, that the 2004 satisfaction of mortgage was erroneously recorded (see Green Tree Servicing, LLC v Ferando, 172 AD3d 1010, 1012-1013; U.S. Bank, N.A. v Noble, 144 AD3d at 790; OneWest Bank, FSB v Michel, 143 AD3d 869, 871). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Green Tree Servicing, LLC v Ferando, 172 AD3d at 1013; U.S. Bank, N.A. v Noble, 144 AD3d at 791).
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court