| |
|---|
| **Jane Doe v Roman Catholic Archdiocese of N.Y.** |
| 2024 NY Slip Op 31983(U) |
| June 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 950194/2019 |
| Judge: Alexander M. Tisch |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. HASA A. KINGO</u>        PART                 5

*Justice*

-----------------------------------------------------------------------X

JANE DOE,

                      Plaintiff,

            - v -

ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK, AND
ST. PETER-ST. PAUL SCHOOL, INTERNATIONAL
PRESENTATON ASSOCIATION, INC.,THE SISTERS OF
THE PRESENTATION OF THE BLESSED VIRGIN MARY,
INC.

                      Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 950194/2019 |
| MOTION DATE | 12/23/2021 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 59, 60, 61, 62, 63,
64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81

were read on this motion for                  DISMISSAL              .

       With the instant motion, Defendant Sisters of the Presentation of the Blessed Virgin
Mary, Inc., (hereinafter "SOP New Windsor"), and Defendant International Presentation
Association, Inc., (hereinafter "IPA") (collectively "Defendants") seek dismissal of Plaintiff Jane
Doe's ("Plaintiff") complaint. Plaintiff opposes the motion. For the reasons stated herein, the
instant motion is denied.

## BACKGROUND AND ARGUMENTS

       Plaintiff brings the instant action pursuant to Section 214-g of the New York Civil Practice
Law and Procedure ("CPLR")(otherwise known as the Child Victims Act or "CVA"). In her
complaint, Plaintiff alleges that she was sexually abused as a child by Father Thomas Darby
("Darby") at and of SOP New Windsor, IPA, St. Peter-St. Paul School ("the School") and their co-
defendants (*see* Complaint at ¶1). Plaintiff alleges that Sister Mary Grace of the School, SOP and
IPA handpicked Plaintiff and delivered her to Darby to be sexually abused (*see* Complaint at ¶3).
Sister Mary Grace was principal of the School (*see* Complaint at ¶7). Indeed, Plaintiff alleges that
in approximately 1982, Sister Mary Grace selected Plaintiff to assist in raking leaves after class
(*id.*). When Plaintiff arrived, she alleges that she was the only student there along with Darby (*id.*).
According to Plaintiff, Darby lured Plaintiff into a dark room and gave her something to drink
(*id.*). Plaintiff then recalls Darby on top of her and pain in and around her vagina. According to
Plaintiff, Darby raped Plaintiff over and over (*see* Complaint at ¶33). Prior to the abuse, Plaintiff
alleges that she was constantly harassed by the School for lack of tuition payments, brought to the
office and embarrassed in front of her classmates. After the abuse, Plaintiff states that she was
never harassed about her tuition again. As per Plaintiff, Sister Mary Grace was a nun operating

**950194/2019   DOE, JANE vs. ROMAN CATHOLIC ARCHDIOCESE**
**Motion No. 005**

**Page 1 of 6**

under the direction and control of IPA (*see* Complaint at ¶23). Plaintiff further states that Sister Mary Grace was an agent, servant and/or employee of IPA (*see* Complaint at ¶24). Plaintiff further states that Sister Mary Grace was a nun operating under the direction and control of SOP New Windsor (*see* Complaint at ¶27. Plaintiff further underscores that Sister Mary Grace was an agent, servant and/or employee of SOP New Windsor (*see* Complaint at ¶28). Plaintiff further alleges that SOP New Windsor, IPA and their co-defendants were agents, servants, employees and/or alter egos of each other (*see* Complaint at ¶29). Plaintiff further contends that SOP New Windsor, IPA and its co-defendants had a long history of cherry-picking vulnerable children, like Plaintiff with a difficult home life, for abuse and then covering up said abuse (*see* Complaint at ¶35). In Plaintiff's view, IPA and SOP New Windsor, by and through its agents, servants and/or employees including Sister Mary Grace, knew or should have known that Darby sexually abused children and did nothing to stop it (*see* Complaint at ¶¶91, 100). Indeed, Plaintiff states that IPA and SOP New Windsor knew or should have known that the failure to properly advise, supervise and hire Darby would and did proximately result in the physical and emotional distress to Plaintiff. (*see* Complaint at ¶¶121, 122, 128, 129).

In support of their present motion, Defendants argue that Plaintiff has improperly included SOP New Windsor and IPA as parties to her suit. Defendants assert that the action arises from an alleged incident at St. Peter-St. Paul's Catholic School in Staten Island in 1982, wherein Plaintiff claims she was sexually assaulted by Darby, with the assistance and knowledge of the school's principal, Sister Mary Grace.

Defendants contend that Plaintiff erroneously alleges in her Amended Complaint that Sister Mary Grace was operating under the direction and control of SOP New Windsor, or that she was an agent, servant, and/or employee of SOP New Windsor. Similarly, Plaintiff claims, also erroneously according to Defendants, that Sister Mary Grace was operating under the direction and control of IPA, or was an agent, servant, and/or employee of IPA. Defendants characterize these allegations as both false and reckless.

Defendants assert that with even minimal investigation and examination of available documents and affidavits, Plaintiff would have realized that these claims are misdirected. Defendants first argue that SOP New Windsor has unequivocally never been associated with St. Peter-St. Paul's Catholic School in Staten Island. Indeed, they assert that SOP New Windsor has never operated in Staten Island, nor have any of its members staffed any institution associated with the Sisters of the Presentation of Staten Island, who, notably, remain unnamed in this suit.

Secondly, Defendants contend that IPA did not exist at the time of the alleged incident. As such, they argue that the inclusion of IPA as a defendant in this matter is unfounded.

In opposition, Plaintiff asserts that SOP New Windsor and IPA were properly named as defendants based on admissions made by SOP New Windsor. Plaintiff highlights that SOP New Windsor's website indicates that it: (1) operates in New York and other states; (2) operated an orphanage in Staten Island; and (3) is part of a worldwide network of 3,000 Presentation Sisters and Presentation Associates through the International Presentation Association.

**950194/2019   DOE, JANE vs. ROMAN CATHOLIC ARCHDIOCESE**                    **Page 2 of 6**
**Motion No.  005**

[* 2]                                          2 of 6

Plaintiff emphasizes that, contrary to Defendants' assertions, there has been no acknowledgment by Plaintiff that SOP New Windsor and IPA are uninvolved in the claims at issue. It is for these reasons that they have been named as parties in this action.

In addition, Plaintiff argues that the affidavits submitted by SOP New Windsor do not conclusively establish that Plaintiff cannot maintain a cause of action against it, and therefore, the motion must be denied. Plaintiff likewise avers that IPA's arguments rest on assertions that it was not formed until 1982 and that it cannot be liable for Sister Mary Grace's actions under a theory of respondeat superior. Both arguments, in Plaintiff's view, are unpersuasive. First, Plaintiff underscores that IPA has failed to provide conclusive evidence that it did not exist at the time of the alleged abuse, and it disregards the possibility of liability under a theory of successor liability. Furthermore, Plaintiff states that Plaintiff does not base her claims on a theory of respondeat superior. Rather, Plaintiff asserts that the negligence of IPA (and SOP New Windsor) lies in their role in placing their employees in positions where they could cause foreseeable harm. But for their negligence in hiring, supervising, and retaining Sister Mary Grace and/or Darby, Plaintiff contends that she would not have suffered. Accordingly, Plaintiff submits that the motion to dismiss by Defendants must be denied.

## DISCUSSION

On a motion to dismiss under CPLR §3211 (a)(1), courts may grant such relief only where the "documentary evidence" is of such nature and quality –"unambiguous, authentic, and undeniable" – that it utterly refutes plaintiff's factual allegation, thereby conclusively establishing a defense as a matter of law (*see Phillips v Taco Bell Corp.*, 152 AD3d 806, 806-807 [2d Dept 2017]; *VXI Lux Holdco S.A.R.L v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] ["A paper will qualify as 'documentary evidence' if ... (1) it is 'unambiguous,' (2) it is of 'undisputed authenticity,' and (3) its contents are 'essentially undeniable'"].) The Appellate Division, First Department, has explained that the documentary evidence must "definitely dispose of the plaintiff's claim" (*Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014]).

In addition, on a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]).

### *Plaintiff's Claims Against SOP New Windsor*

Here, Defendants do not dispute that Plaintiff has adequately pleaded causes of action against SOP New Windsor as a matter of law. Indeed, Defendants fail to cite relevant case law to

**950194/2019   DOE, JANE vs. ROMAN CATHOLIC ARCHDIOCESE**
**Motion No. 005**

**Page 3 of 6**

3 of 6

support their motion to dismiss Plaintiff's complaint as against SOP New Windsor. Defendants' primary argument for their requested relief is based on the affidavit of Sr. Anastasio and emails from Plaintiff's counsel. However, neither an affidavit nor emails are considered sufficient documentary evidence for the purpose of a motion to dismiss (*see e.g. Granada Condominium III Assn. v. Palomino*, 78 AD3d 996 [2d Dept 2010]); *see also Weil, Gotsal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267 [1st Dept 2004]; *Guido v. Orange Regional Med. Ctr.*, 102 AD3d 828 [2d Dept 2013][printouts from a website and a resignation letter were not documentary evidence for the purposes of a motion to dismiss pursuant to CPLR §3211(a)(1)]). Nothing submitted by Defendants in support of the instant motion rises to the level of being considered documentary evidence. As underscored in *J.A. Lee Elec., Inc. v. City of New York*, 119 AD3d 652 (2d Dept 2014), *citing Lawrence v. Miller*, 11 NY3d 588 (2008) (internal quotations omitted), affidavits submitted by defendants almost never warrant dismissal under CPLR §3211 unless they conclusively demonstrate that the plaintiff has no cause of action. Here, SOP New Windsor has failed to make sure a showing at this early pleading stage.

Likewise, Defendants' assertion that the claim against SOP New Windsor is "bogus" and that it is "undisputed" that Sister Mary Grace is not and never was a member of SOP New Windsor, nor has any SOP New Windsor member ever served in the geographic area at issue, ignores what Plaintiff purports to be admissions made by SOP Windsor. Indeed, Plaintiff highlights that SOP New Windsor's own website contains details of SOP New Windsor's involvement in Staten Island, where the abuse allegedly took place. In addition, the affidavit of Sr. Anastasio evinces a relationship between SOP New Windsor and the geographic area of Staten Island (*see* Anastasio Aff. at ¶6). At best, SOP New Windsor only offers ambiguous support for its position that it was not affiliated with the School or Staten Island. This unclear and insufficient support does not and cannot amount to "documentary evidence" that "conclusively establishes" that Plaintiff cannot maintain a cause of action, as the law requires (*see Leader v. Steinway, Inc.*, 180 AD3d 886 [2d Dept 2020]["[i]n order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable"]).

While Defendants' counsel also avers "facts" in support of this motion to dismiss, including that the School was only served by the congregation in Staten Island, an attorney's affirmation similarly fails to "conclusively establish" dismissal as a matter of law (*see Qureshi v. Vital Transp., Inc.*, 173 AD3d 1076 [2d Dept 2019]). Additionally, even if it were true that SOP New Windsor did not employ Sister Mary Grace, whether it controlled Sister Mary Grace is a question of fact improper for a motion for summary judgment, much less a pre-discovery motion to dismiss (*see e.g. Mendez v. White*, 40 AD3d 1057 [2d Dept 2007]).

SOP New Windsor has failed to provide evidence that definitively proves it had no connection to the School during the time Plaintiff was allegedly abused, or to Sister Mary Grace. Without discovery, any determination of SOP New Windsor's alleged involvement in the sexual abuse in question remains impossible.

Accordingly, the motion to dismiss the complaint against SOP New Windsor is denied.

***Plaintiff's Claims Against IPA***

**950194/2019   DOE, JANE vs. ROMAN CATHOLIC ARCHDIOCESE**                    **Page 4 of 6**
**Motion No.  005**

4 of 6

IPA seeks dismissal on two separate grounds: (1) that IPA supposedly did not exist in 1982; and (2) that IPA cannot be liable for the wrongdoings of Sister Mary Grace. Both arguments fail as a matter of law.

First, even if IPA did not exist in 1982 when Plaintiff was allegedly sexually abused, IPA can still be held liable under successor liability, which is a question of fact improper for a motion for summary judgment, much less a motion to dismiss (see *Burgos v. Pulse Combustion, Inc.*, 227 AD2d 295 [1st Dept 1996]). At this time, it is unknown what organization, corporation, or other legal entity was responsible for overseeing the Presentation Sisters. Discovery is required to ascertain that information. Additionally, SOP New Windsor's website indicates that it operated out of Staten Island and that it had "3000 Presentation Sisters and Presentation Associates" operate through IPA. Moreover, the assertion by Defendants' counsel that the New York State's Division of Corporations entity search reveals IPA was not formed until 1996 lacks credibility, as Defendants failed to attach such evidence, and it is thus not properly before this court (*see Onewest Bank, FSB v. Michael*, 143 AD3d 869 [2d Dept 2016]).

The affidavit of Sr. Ann Marie Quinn, is insufficient to "conclusively establish" that dismissal is warranted as a matter of law. To reiterate, an affidavit is not documentary evidence for the purposes of a motion to dismiss. Here, Sr. Quinn's affidavit does nothing but "assert the inaccuracy of plaintiffs' allegations," and therefore, "may not be considered, in the context of a motion to dismiss, for the purpose of determining whether there is evidentiary support of the complaint, and do not otherwise conclusively establish a defense to the asserted claims as a matter of law" (*see Tsimerman v. Janoff*, 40 AD3d 242 [1st Dept 2007][internal citations omitted]). Discovery is required to ascertain the involvement of IPA or its predecessor, including the identity of any predecessor.

IPA also argues that it cannot be held liable for the wrongdoings of Sister Mary Grace under a theory of respondeat superior. While Plaintiff does not specifically allege respondeat superior, it is well established that a principal may be held vicariously liable for the intentional, reckless, or criminal conduct of third parties, even those acting outside the scope of their authority, if it authorized or ratified the misconduct (*see Loughry v. Lincoln First Bank*, 67 NY2d 369 [1986]). Here, Plaintiff alleges that IPA and its co-defendants "had a long history of handpicking vulnerable children, like Plaintiff with a difficult home life, for abuse and then covering up said abuse" (*see* Complaint at ¶35). Regardless, an employer's negligence lies in having placed their employee in a position to cause foreseeable harm, which plaintiff would have been spared had the employer exercised reasonable care in making decisions regarding the hiring and retention of the employee (*see Johansmeyer v. New York City Dept. of Educ.*, 165 AD3d 634 [2d Dept 2018]).

Further, the law is clear that an employer may be held directly liable for negligence if they knew or should have known about the danger posed. For example, in *Gonzalez v. City of New York*, 133 AD3d 65, 67-68 (1st Dept. 2015), the Appellate Division, First Department, noted that "New York's long recognized tort of negligent hiring and retention," and then explained the significant distinction between holding an employer vicariously liable for an employee's misconduct and holding an employer directly liable for an employee's misconduct.

**950194/2019   DOE, JANE vs. ROMAN CATHOLIC ARCHDIOCESE**
**Motion No.  005**

Page 5 of 6

In this case, Plaintiff alleges that Sister Mary Grace, an agent, servant, and/or employee of IPA (and SOP New Windsor), was the principal of the School where Plaintiff was abused, where Plaintiff attended, and where Darby served as a priest. As such, Plaintiff contends that Sister Mary Grace (and therefore IPA) knew that Darby sexually abused children, including Plaintiff, and not only allowed him unfettered access to children but also did nothing to stop the abuse. Moreover, it is alleged that she handpicked Plaintiff and other children to be sexually abused by Darby. Even if Plaintiff did allege respondeat superior, it cannot be said that assigning students to tasks with Darby, a priest at the school, was not within the scope of Sister Mary Grace's employment at the School or that forcing Plaintiff to "rake leaves" alone with the known predator was not within the scope of her authority as principal.

Defendants repeat that Plaintiff failed to provide evidence of Sister Mary Grace operating under the direction and control of IPA or evidence to support a claim for negligent supervision. However, that is not the standard. On a pre-answer motion to dismiss, all Plaintiff's factual allegations are to be accepted as true (*see Sheila C. v. Povich*, 11 AD3d 120 [1st Dept 2004]). Plaintiff, at this stage, is not required to put forth "a scintilla of evidence." Plaintiff is only required to plead the facts available to her at this time.

While Defendants do not argue that Plaintiff failed to adequately allege a cause of action for negligent hiring, retention, and supervision, only that Plaintiff failed to "provide even a scintilla of evidence," the court finds that Plaintiff has adequately alleged that IPA (and SOP New Windsor) knew or should have known of Darby's dangerous propensities, including through Sister Mary Grace. The averment of Defendants' counsel that IPA "is not involved as an employer, supervisor, or in any way exercises control over individual nuns or congregations, nor does IPA owe a duty of care to Plaintiff to supervise the nuns in Staten Island, or any other duty of care to Plaintiff alleged in her Complaint" is insufficient to "conclusively establish" entitlement to dismissal as a matter of law (*see Onewest Bank, FSB*, 143 AD3d 869, *supra* ["where, as here, the affirmation of an attorney is not based upon personal knowledge of the facts, it is of no probative value or evidentiary significance"]).

Accordingly, the motion to dismiss the complaint against IPA is likewise denied.

As such, it is hereby

ORDERED that Defendants' motion to dismiss is denied in its entirety.

This constitutes the decision and order of the court.

2024060609362SHKING0E87007XA686147044Q9122B3E0A77F98

_____
**6/6/2024**
**DATE**

_____
**ALEXANDER M. TISCH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

950194/2019   DOE, JANE vs. ROMAN CATHOLIC ARCHDIOCESE                    Page 6 of 6
Motion No.  005

[* 6]                                                                        6 of 6