Matter of Dooley Elec. Co., Inc. (New York Light Source Corp.) (2026 NY Slip Op 00247)

Matter of Dooley Elec. Co., Inc. (New York Light Source Corp.)

2026 NY Slip Op 00247

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10285
 (Index No. 727/22)

[*1]In the Matter of Dooley Electric Company, Inc. Luparello & Sons Lighting Corp., nonparty-appellant; New York Light Source Corp., et al., nonparty-respondents.

Zisholtz & Zisholtz, LLP, Garden City, NY (Richard Zisholtz of counsel), for nonparty-appellant.
Armstrong Teasdale LLP, New York, NY (Steven I. Tolman, Thomas V. Juneau, Jr., and Richard O'Leary of counsel), for nonparty-respondent New York Light Source Corp.
Todd & Levi, LLP, New York, NY (Jill Levi, David B. Rosenberg, and Daniel Freitas of counsel), for nonparty-respondents Benfield Electric Supply Corp., CooperFriedman Electric Supply Co., Inc., Harbor Electric Fabrication & Tool, Inc., Midtown Electric Supply Corp., Redlyn Electric Corp., Tremont Electric Co., Inc., WESCO Distribution, Inc., and Act Electrical and Data Supplies, Inc.

DECISION & ORDER
In a proceeding pursuant to Debtor and Creditor Law article 2, nonparty Luparello & Sons Lighting Corp. appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 10, 2023. The order denied that nonparty's motion to stay and preclude any settlements between the assignee, Anthony Sodono III, for the benefit of the creditors of the assignor, Dooley Electric Company, Inc., and certain creditors of the assignor.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 2022, Dooley Electric Company, Inc. (hereinafter Dooley), commenced this proceeding pursuant to Debtor and Creditor Law article 2 regarding an assignment for the benefit of creditors. In October 2022, Dooley, as assignor, executed a deed of assignment for the benefit of its creditors, with Anthony Sodono III as assignee. The deed of assignment was recorded with the Kings County Clerk in November 2022. In January 2023, Sodono moved, inter alia, for permission to establish deadlines and procedures for filing proofs of claims and to be granted settlement authority. When various creditors apparently opposed Sodono's motion, Sodono negotiated settlements and entered into stipulations of settlement with those creditors, securing the withdrawal of their objections. By order dated April 14, 2023, the Supreme Court, among other things, granted Sodono's motion, approved the stipulations of settlement and incorporated them into the order by reference, and established a deadline for the filing of proofs of claim against Dooley. On the same date, the court also so-ordered the stipulations of settlement.
Thereafter, nonparty Luparello & Sons Lighting Corp. (hereinafter Luparello), which was allegedly a creditor of Dooley but was not a party to the settlements, moved to stay and preclude any settlements between Sodono and certain creditors of Dooley. In an order dated July 10, 2023, the Supreme Court denied Luparello's motion. Luparello appeals.
The unsubstantiated denial of service asserted in an affirmation of Luparello's attorney was insufficient to demonstrate that Luparello did not receive notice of the instant proceeding since the attorney's affirmation was not based upon his personal knowledge (see Deutsche Bank Natl. Trust Co. v Campbell, 172 AD3d 1310, 1312; Onewest Bank, FSB v Michel, 143 AD3d 869, 871). Moreover, Luparello failed to submit sufficient documentary evidence to establish that it was a lienholder.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied Luparello's motion to stay and preclude any settlements between Sodono and certain creditors of Dooley.
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court