On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). While a court is “permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)” (Sokol v Leader, 74 AD3d 1180, 1181 [2010]), where the motion is not converted to one for summary judgment, “the criterion is whether the [plaintiff] has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 *860 NY2d 268, 275 [1977]). “[0]n a motion made pursuant to CPLR 3211 (a) (7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party” (Sokol v Leader, 74 AD3d at 1181).
Here, the complaint alleged that the mortgage held by the plaintiffs was superior in priority to the interests claimed by the defendants East Sunset Park Realty, LLC (hereinafter East Sunset), and Flushing Preferred Funding Corp. (hereinafter Flushing). In support of that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, East Sunset and Flushing asserted that the plaintiffs’ interest should be deemed null and void with respect to them because they did not have constructive or actual notice of the plaintiffs’ mortgage interest, which had been improperly recorded (see generally Andy Assoc. v Bankers Trust Co., 49 NY2d 13 [1979]), and submitted affidavits relevant to their contention that they lacked actual notice of the plaintiffs’ interest.
The evidentiary submissions of East Sunset and Flushing failed to demonstrate that the material fact as alleged by the plaintiffs with respect to the priority of their interest “was undisputedly not a fact at all” (Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683 [2012]; see Jannetti v Whelan, 97 AD3d 797, 798 [2012]). Accordingly, the Supreme Court should have denied that branch of the motion of East Sunset and Flushing which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Angiolillo, J.P, Sgroi, Cohen and Miller, JJ., concur.