In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 7, 2011, as (a) denied its motion to vacate an order of the same court dated July 18, 2008, which discharged a mortgage held by the plaintiff on the subject property, and to reinstate the mortgage as a lien against the property, (b) granted the motion of the defendant *629 Deborah Hughes pursuant to CPLR 6514 to cancel the notice of pendency filed on December 8, 2009, and (c) granted that branch of the cross motion of the defendant Andre Soleil which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiffs motion to vacate the order dated July 18, 2008, and to reinstate its mortgage as a lien against the subject property is granted, the motion of the defendant Deborah Hughes pursuant to CPLR 6514 to cancel the notice of pendency is denied, and that branch of the cross motion of the defendant Andre Soleil which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint is denied.
On June 18, 2007, while certain real property was owned by the defendant Andre Soleil, nonparty Asset Management Holdings, LLC (hereinafter Asset), commenced this action to foreclose upon a mortgage it held on the property in the principal sum of $625,000 (hereinafter the Soleil mortgage), and filed a notice of pendency. Soleil did not appear and the Supreme Court, in an order dated December 19, 2007, granted Asset’s motion for an order of reference.
Thereafter, on June 1, 2008, Soleil moved to dismiss the complaint and cancel the notice of pendency “for cause of payment.” Soleil swore, in an accompanying affidavit, that Asset had “no present interest in the subject property” and that the “mortgage lien was paid, and [Asset’s] mortgage interest transferred to a third-party.” Asset did not respond to Soleil’s motion. In an order dated July 18, 2008 (hereinafter the July 2008 order), the Supreme Court, upon Asset’s “non-appearance/ non-opposition,” granted Soleil’s motion, directed that the foreclosure action be “dismissed for cause of payment,” canceled the notice of pendency, and “canceled and discharged” the Soleil mortgage.
The July 2008 order, discharging the Soleil mortgage, was filed and recorded on August 5, 2008. Soon thereafter, Soleil sold the property for $248,000 to the defendant Deborah Hughes, who recorded her deed on October 14, 2008. Hughes obtained a mortgage from HB Baron in the sum of $135,000, which was recorded on February 5, 2009. On May 7, 2009, Hughes transferred title of the subject property to herself and her husband, the defendant Nicholas Haven. At that time, the HB Baron mortgage was satisfied, and Hughes and Haven obtained a mortgage in the sum of $300,000 from the defendant Sperry Associates Federal Credit Union (hereinafter Sperry).
Meanwhile, on February 19, 2008, Asset assigned its rights, title, and interest in the Soleil mortgage to the plaintiff, Beltway *630 Capital, LLC (hereinafter Beltway), by an assignment which was not recorded until July 21, 2008, 18 days before Soleil recorded the July 2008 order discharging the Soleil mortgage. Thereafter, on February 12, 2009, Beltway, as Asset’s assignee, moved to be substituted as the plaintiff in this action in place of Asset, to vacate Asset’s default in appearing and responding to Soleil’s motion to dismiss, and to vacate the July 2008 order entered thereon, which, inter alia, discharged the Soleil mortgage. Beltway contended that Asset had not been served with Soleil’s motion papers. Moreover, Beltway asserted that Soleil had misrepresented the status of the Soleil mortgage to the Supreme Court, in that no payments had been made on the Soleil mortgage and, therefore, the discharge of that mortgage was erroneous. Soleil cross-moved to dismiss the complaint, and Hughes cross-moved for leave to intervene. The parties stipulated to substitute Beltway as the plaintiff in place of Asset.
In an order dated November 23, 2009 (hereinafter the November 2009 order), the Supreme Court, inter alia, granted those branches of Beltway’s motion which were to be substituted as the plaintiff in Asset’s place and to vacate Asset’s default in appearing and responding to Soleil’s motion. However, the court declined to vacate the July 2008 order, directing that further discovery be conducted on the issue of whether the Soleil mortgage had been paid, in order to determine whether it should be reinstated. The court denied Soleil’s cross motion to dismiss the complaint without prejudice to Soleil’s right to move for this relief at a later time and granted Hughes’s cross motion for leave to intervene.
Beltway filed a notice of pendency against the subject property on December 8, 2009.
After limited discovery was conducted, as directed by the Supreme Court in the November 2009 order, Hughes moved to cancel the December 2009 notice of pendency filed by Beltway. Beltway again moved to vacate the July 2008 order and to reinstate the Soleil mortgage as a lien upon the subject property. Soleil cross-moved, inter alia, pursuant to CPLR 3211 (a) (7) and (8) to dismiss the complaint. Sperry cross-moved for summary judgment dismissing the complaint and for a determination that its lien was superior in priority to the Soleil mortgage.
In an order dated January 7, 2011, the Supreme Court, in effect, denied that branch of Beltway’s motion which was to vacate the July 2008 order and denied that branch of its motion which was to reinstate the Soleil mortgage. The court held that, while an order that erroneously discharged a mortgage without true satisfaction of the underlying debt may be set aside and the *631 mortgage reinstated, it is only appropriate to do so where there has not been detrimental reliance on the erroneous recording by subsequent innocent purchasers or encumbrancers who lacked notice of the erroneous discharge. The court found that, in this action, while the evidence established that the Soleil mortgage was indeed erroneously discharged, Hughes, among others, had reasonably relied upon the recorded July 2008 order discharging the Soleil mortgage in securing her current rights to the property to her detriment. Therefore, the court concluded that reinstatement of the Soleil mortgage as a lien was not equitably appropriate.
In light of its determination, the Supreme Court also granted Hughes’s motion to cancel the December 2009 notice of pendency, granted that branch of Soleil’s cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and, in effect, denied Sperry’s cross motion as academic in light of its determination. Beltway now appeals from the January 7, 2011, order insofar as it denied its motion, granted Hughes’s motion to cancel the December 2009 notice of pendency, and granted that branch of Soleil’s cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
Pursuant to CPLR 5015, a court may vacate a judgment or order on the basis of “fraud, misrepresentation, or other misconduct of an adverse party” (CPLR 5015 [a] [3]). Here, there is no dispute that the July 2008 order was based upon Soleil’s fraud and misrepresentation to the Supreme Court that the subject mortgage had been satisfied. Accordingly, the court erroneously discharged the subject mortgage and canceled the initial notice of pendency. “A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording” (New York Community Bank v Vermonty, 68 AD3d 1074, 1076 [2009]; see Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984 [2011]; DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647 [2010]; Citibank, N.A. v Kenney, 17 AD3d 305, 308 [2005]). Only bona fide purchasers and lenders for value are entitled to protection from an erroneous discharge of a mortgage based upon their detrimental reliance thereon (see Fischer v Sadov Realty Corp., 34 AD3d 630, 631 [2006]; Karan v Hoskins, 22 AD3d 638, 638 [2005]). Given that only limited discovery was conducted, it was improper for the court to determine, on this record, that Hughes established that she was a bona fide purchaser for value (see Hood v Webster, 271 NY 57 [1936]; see also Serota v Power House Realty Corp., 274 *632 AD2d 427 [2000]; Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [1997]). Accordingly, the court should have granted Beltway’s motion to vacate the July 2008 order and reinstate its mortgage.
Similarly, the Supreme Court erred in determining, at this juncture, that Hughes was entitled to cancellation of the notice of pendency.
With regard to the claim against Soleil, we note that although no independent cause of action was alleged to recover on the note, Beltway, in its complaint, seeks a determination of all amounts due on account of the mortgage and note. Accordingly, the Supreme Court improperly granted that branch of Soleil’s cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him (see CPLR 5015 [a] [3]; cf. Matter of New York Diet Drug Litig., 47 AD3d 586 [2008]). Rivera, J.P., Hall, Lott and Austin, JJ., concur. [Prior Case History: 30 Misc 3d 1214(A), 2011 NY Slip Op 50064(U).]