In an action to foreclose a mortgage, nonparty 21st Mortgage Corporation appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated April 16, 2015, which denied its motion for leave to intervene in the action, to be substituted as the plaintiff in the action, and to vacate an order of the same court dated October 22, 2013, which, sua sponte, directed dismissal of the action as abandoned pursuant to CPLR 3215 (c).
 

 Ordered that the order dated April 16, 2015, is reversed, on the facts and in the exercise of discretion, with costs, the motion is granted, the order dated October 22, 2013, is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, inter alia, to substitute 21st Mortgage Corporation as the plaintiff in the action, and to amend the caption accordingly.
 

 In June 2007, Option One Mortgage (hereinafter Option One) commenced this mortgage foreclosure action against the defendant Jose Luis Rodriguez-Cardona (hereinafter the defendant), among others. In September 2007, Option One moved for an order of reference, and that motion was eventually rejected as premature. During the same period, the underlying mortgage was assigned to Residential Funding Company, LLC (hereinafter Residential Funding).
 

 In an order dated January 13, 2010, the Supreme Court granted Option One’s motion for summary judgment, upon the defendant’s default, appointed a referee, and amended the caption, inter alia, to substitute Residential Funding as the named plaintiff in the action.
 

 On December 24, 2012, the subject mortgage was assigned by Residential Funding to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Knoxville 2012 Trust (hereinafter Knoxville 2012 Trust), and on January 1, 2013, 21st Mortgage Corporation (hereinafter 21st Mortgage), was engaged as servicing agent for Knoxville 2012 Trust.
 

 In an order dated October 22, 2013, the Supreme Court, sua sponte, directed dismissal of the action as abandoned pursuant to CPLR 3215 (c), listing Option One, rather than Residential Funding, as the plaintiff. Thereafter, 21st Mortgage moved for leave to intervene in the action, to be substituted as the named plaintiff in the action, and to vacate the order of dismissal. The court denied the motion. 21st Mortgage appeals, and we reverse.
 

 Contrary to the defendant’s contention, there is no per se rule prohibiting the assignee of a mortgage (or, in this case, its authorized servicing agent) from simultaneously moving for leave to intervene and to be substituted as the named plaintiff in a dismissed action and to vacate the order dismissing the action (cf. Beltway Capital, LLC v Soleil, 104 AD3d 628, 629-630 [2013]).
 

 Here, the Supreme Court improvidently exercised its discretion in, sua sponte, directing dismissal of the action pursuant to CPLR 3215 (c), as Option One had initiated timely proceedings for the entry of a judgment of foreclosure and sale following the defendant’s default (see US Bank N.A. v Konstantinovic, 147 AD3d 1002, 1003-1004 [2017]; Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073 [2016]; Aurora Loan Servs., LLC v Gross, 139 AD3d 772 [2016]; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2015]; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712 [2012]).
 

 Accordingly, the Supreme Court should have granted 21st Mortgage’s motion for leave to intervene and to be substituted as the named plaintiff (cf. Beltway Capital, LLC v Soleil, 104 AD3d 628 [2013]), and to vacate the order of dismissal (see Aurora Loan Servs., LLC v Gross, 139 AD3d 772 [2016]; Matter of Culberson, 11 AD3d 859 [2004]).
 

 Chambers, J.P., Miller, Bar-ros and Connolly, JJ., concur.