In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 21, 2015, as denied its motion for summary judgment on the complaint, and the defendant Shabbir Mohammad cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on his counterclaim.
 

 Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
 

 This action concerns residential real property located in Kings County. In a previous action, the defendant Yaffa Snyder successfully sought, purportedly upon default, to have the mortgage on the property cancelled. The Supreme Court’s order cancelling the mortgage was vacated, however, when it was shown that Snyder had never served the summons and complaint.
 

 The plaintiff, who is the successor to the mortgagee, commenced this action pursuant to RPAPL article 15 seeking to quiet title and a judgment declaring that it holds a valid first mortgage on the subject property. The defendant Shabbir Mohammad answered and asserted a counterclaim alleging, inter alia, that he was a bona fide purchaser for value who took the property without notice of the plaintiff’s interest. After the completion of discovery, the plaintiff moved for summary judgment on the complaint, and Mohammad cross-moved for summary judgment on his counterclaim. The Supreme Court denied both the motion and cross motion.
 

 “A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording” (New York Community Bank v Vermonty, 68 AD3d 1074, 1076 [2009]; see Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984 [2011]). Only bona fide purchasers and lenders for value are entitled to protection from an erroneous discharge based upon their detrimental reliance thereon (see Beltway Capital, LLC v Soleil, 104 AD3d 628, 631 [2013]). Here, there are triable issues of fact as to whether Mohammad was a bona fide purchaser for value (see Onewest Bank, FSB v Michel, 143 AD3d 869, 871-872 [2016]).
 

 The parties’ remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly denied the plaintiff’s motion and Mohammad’s cross motion (see id. at 871-872).
 

 Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.