Beltway Capital, LLC v Soleil (2019 NY Slip Op 06057)





Beltway Capital, LLC v Soleil


2019 NY Slip Op 06057


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-04016
2016-10174
 (Index No. 22244/07)

[*1]Beltway Capital, LLC, appellant, 
v
Andre Soleil, etc., et al., respondents, et al., defendants.


Stein Farkas & Schwartz LLP, New York, NY (Jeffrey M. Schwartz and Gabriel S. Rosenberg of counsel), for appellant.
Fidelity National Law Group, New York, NY (David J. Wolkenstein of counsel), for respondent Deborah Hughes.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent Sperry Associates Federal Credit Union.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 9, 2016, and (2) a judgment of the same court dated May 17, 2016. The order, insofar as appealed from, granted the motion of the defendant Deborah Hughes for summary judgment dismissing the complaint insofar as asserted against her, declaring Deborah Hughes a bona fide purchaser for value, and discharging the subject mortgage as to her, and granted the separate motion of the defendant Sperry Associates Federal Credit Union for summary judgment dismissing the complaint insofar as asserted against it, declaring Sperry Associates Federal Credit Union a bona fide encumbrancer with first priority of lien on the property, and discharging the mortgage as to it. The judgment, upon the order, dismissed the complaint on the merits and with prejudice insofar as asserted against the defendants Deborah Hughes and Sperry Associates Federal Credit Union, declared Deborah Hughes a bona fide purchaser for value of the subject property, declared Sperry Associates Federal Credit Union a bona fide encumbrancer with first priority of lien on the property, and discharged the mortgage and lien held by the plaintiff.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Deborah Hughes and Sperry Associates Federal Credit Union.
The underlying facts and procedural history of this case can be found in our decision and order on a prior appeal in this action (see Beltway Capital, LLC v Soleil, 104 AD3d 628). On that prior appeal, this Court reversed an order of the Supreme Court, Kings County, dated January 7, 2011, and concluded that, while the discharge of a mortgage held by Beltway Capital, LLC [*2](hereinafter Beltway), on the subject property (hereinafter the Soleil mortgage), was accomplished by the fraud and misrepresentation of the defendant Andre Soleil, whether Beltway was entitled to reinstatement of the Soleil mortgage turned on the question of whether the defendant Deborah Hughes, a subsequent purchaser of the subject property, was a bona fide purchaser for value. On the record before us, and with only limited discovery having been conducted, this Court concluded that the Supreme Court erred in determining conclusively that Hughes was a bona fide purchaser for value. As such, we reversed the order insofar as appealed from, reinstated the Soleil mortgage, and, effectively, remitted the matter for further discovery (see id. at 631-632).
Upon the completion of that discovery, Hughes and Sperry Associates Federal Credit Union (hereinafter Sperry), an alleged subsequent encumbrancer, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Hughes also moved for summary judgment declaring her a bona fide purchaser for value and discharging the mortgage as to her, and Sperry also moved for summary judgment declaring it a bona fide encumbrancer with first priority of lien on the property, and discharging the Soleil mortgage as to it. In an order dated February 9, 2016, the Supreme Court granted the motions. Judgment was thereafter entered on May 17, 2016, in Hughes's and Sperry's favor. Beltway appeals from both the order and the judgment.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (New York Community Bank v Vermonty, 68 AD3d 1074, 1076; see Bank of Am. N.A. v Snyder, 154 AD3d 671; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984). Only bona fide purchasers and lenders for value are entitled to protection from an erroneous discharge based upon their detrimental reliance thereon (see Bank of Am., N.A. v Snyder, 154 AD3d at 672; Beltway Capital, LLC v Soleil, 104 AD3d at 631).
Here, Hughes and Sperry each met their prima facie burden of establishing their status as bona fide purchaser and encumbrancer for value, respectively.
Hughes demonstrated that, at the time she purchased the subject property for value from Soleil, an order of the Supreme Court dated July 18, 2008, which, inter alia, cancelled and discharged the Soleil mortgage (hereinafter the 2008 order) had been duly recorded and that she was entitled to rely upon that order without conducting any further inquiry. Her deed was recorded on October 14, 2008, well before Beltway moved, in February 2009, inter alia, to vacate the 2008 order discharging the Soleil mortgage. Thus, Hughes was not on notice at the time of the purchase of any prior lien against the property which would lead a reasonably prudent purchaser to make inquiry, and there was nothing on the face of the 2008 order that would have alerted Hughes to Beltway's claim. Contrary to Beltway's contention, Hughes had no duty to conduct any further inquiry into the propriety of the discharge of the Soleil mortgage by the Supreme Court (see DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647; Baron Assoc. v Latorre, 74 AD3d 714, 716; Regions Bank v Campbell, 291 AD2d 437, 438).
Similarly, Sperry met its prima facie burden by demonstrating that, at the time it granted a mortgage to, among others, Hughes, secured against the subject property, the 2008 order had been duly recorded, that a title search did not reveal the prior lien, and that it was entitled to rely upon the title search and 2008 order without conducting any further inquiry into the propriety of the recorded order (see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 22-23; Maiorano v Garson, 65 AD3d 1300, 1302; Emerson Hills Realty v Mirabella, 220 AD2d 717).
In opposition, Beltway failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the separate motions of Hughes and Sperry.
Beltway's remaining contentions are without merit.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court