City of New York v Shahid (2021 NY Slip Op 01387)





City of New York v Shahid


2021 NY Slip Op 01387


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-08379
 (Index No. 8700/15)

[*1]City of New York, respondent,
v
Abdus Shahid, appellant.


Abdus Shahid, Brooklyn, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and Fay Ng of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 14, 2017. The order denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On July 14, 2015, the plaintiff commenced this action pursuant to Administrative Code of the City of New York § 11-404(a) to foreclose certain tax liens, including one on a delinquent parcel in Brooklyn owned by the defendant. The defendant interposed an answer, and then moved, in effect, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion, and the defendant appeals.
The Supreme Court properly denied, as untimely, that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him, as it was made after the defendant served his answer (see CPLR 3211[e]; Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 257).
The Supreme Court also properly denied that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him, as he failed to establish, prima facie, any defense to the action (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the court properly denied that branch of the defendant's motion without regard to the sufficiency of the papers filed in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court