Simmons v Bell (2023 NY Slip Op 04963)

Simmons v Bell

2023 NY Slip Op 04963

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-05258
 (Index No. 703307/16)

[*1]Derrick Simmons, etc., respondent,
v
Alfred Bell, et al., appellants.

The Katsorhis Law Firm, P.C., Flushing, NY (Nicole D. Katsorhis of counsel), for appellants.
Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered June 1, 2020. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Bessie Rogers, the plaintiff's decedent, acquired title to certain real property located in Queens in 1987. The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the property and for a judgment declaring that a deed allegedly executed in 1998 by Rogers (hereinafter the 1998 deed), which gave the defendants an interest in the property, was forged and is, therefore, void. The plaintiff also sought to recover the proceeds of a subsequent sale of the property in 2007, which the defendants allegedly took possession of and were not entitled to on account of the forged deed. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered June 1, 2020, the Supreme Court, among other things, denied the motion. The defendants appeal.
The Supreme Court properly determined that the complaint was not subject to dismissal pursuant to CPLR 3211(a)(5) as time-barred. The defendants failed to meet their initial burden of establishing, prima facie, that the time in which to bring this action expired (see JP Morgan Chase Bank, N.A. v Mbanefo, 166 AD3d 742). The substance of a cause of action, not its form, is the controlling consideration in determining the applicable statute of limitations (see Faiella v Tysens Park Apts., LLC, 110 AD3d 1028). Thus, the six-year statute of limitations for fraud (see CPLR 213[8]) does not apply to the causes of action which seek a declaration that the deed allegedly executed in 1998 is a nullity on the ground that is it forged. A forged deed, as opposed to a deed obtained by fraud, is void ab initio and does not convey title (see Faison v Lewis, 25 NY3d 220, 224-225; Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986). A statute of limitations "does not make an agreement that was void at its inception valid by the mere passage of time" (Riverside Syndicate, Inc. v Munroe, 10 NY3d 18, 24).
Moreover, insofar as the plaintiff is seeking to quiet title and recover possession of [*2]the property, the statute of limitations is 10 years from possession (see CPLR 212[a]; WPA Acquisition Corp. v Lynch, 82 AD3d 1215). Rogers was in possession of the property within 10 years of the commencement of this action. Accordingly, the Supreme Court properly determined that this action was not barred by the statute of limitations.
The Supreme Court properly determined that the complaint was not subject to dismissal on the grounds of laches and equitable estoppel. Laches operates as a bar in a court of equity when there has been considerable delay in bringing a claim, resulting in prejudice to the opposing party (see Matter of Schulz v State of New York, 81 NY2d 336, 348). Laches requires "(1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (Stein v Doukas, 98 AD3d 1026, 1028 [internal quotation marks omitted]). Laches does not apply unless the facts establish equitable estoppel, which applies when a property owner inexcusably delays in asserting a claim to the property, knowing that the opposing party has changed their position to their irreversible detriment (see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750).
Here, the defendants failed to show that the plaintiff inexcusably delayed in asserting the allegation that the deed was forged. The allegation was, in fact, raised in a prior action commenced in 2008 and transferred to the Civil Court, which did not have jurisdiction over the cause of action pursuant to RPAPL article 15 (see NY City Civ Ct Act § 203[h], [i]). The defendants also failed to establish that they changed their position to their irreversible detriment simply by defending themselves in the action in Civil Court (cf. Wilds v Heckstall, 93 AD3d 661).
Furthermore, in alleging that the defendants forged the 1998 deed and improperly retained the 2007 sale proceeds, the plaintiff has alleged that the defendants have unclean hands. The equitable defense of laches is not available to a party with unclean hands (see Karan v Hoskins, 22 AD3d 638).
The Supreme Court also properly determined that the complaint was not subject to dismissal pursuant to CPLR 3211(a)(1). A cause of action may be dismissed pursuant to CPLR 3211(a)(1) only if documentary evidence utterly refutes the underlying allegations and conclusively establishes a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Shah v Mitra, 171 AD3d 971). While the defendants correctly contend that the 1998 deed qualifies as documentary evidence (see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788), the 1998 deed does not utterly refute the plaintiff's allegations and conclusively dispose of the plaintiff's causes of action as a matter of law. Although the 1998 deed contains a notary's acknowledgment and CPLR 4538 provides that "[c]ertification of the acknowledgment . . . in the manner prescribed by law for taking and certifying the acknowledgment or proof of a conveyance of real property within the state is prima facie evidence that it was executed by the person who purported to do so," the notary's acknowledgment alone does not utterly refute the allegation that the 1998 deed was forged. Rather, it merely raises a presumption of due execution (see Osborne v Zornberg, 16 AD3d 643).
The Supreme Court also properly determined that the complaint was not subject to dismissal pursuant to CPLR 3211(a)(7). In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). If the court considers evidentiary material on a motion to dismiss pursuant to CPLR 3211(a)(7), the criterion becomes whether the plaintiff has a cause of action, not whether he or she has stated one (see Sokol v Leader, 74 AD3d 1180, 1181-1182). The motion must be denied "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id. at 1182 [internal quotation marks omitted]).
Here, the complaint states a cause of action to quiet title pursuant to RPAPL article 15. The plaintiff alleged actual or constructive possession of the property by Rogers prior to the sale in 2007 and the existence of an apparent title by deed that is actually invalid or inoperative (see Acocella v Bank of N.Y. Mellon, 127 AD3d 891, 892-893). Concomitantly, the complaint states a cause of action, based on the allegedly forged deed, to recover damages from the subsequent sale of the property. The defendants did not submit evidence conclusively proving that the plaintiff is not entitled to damages representing the proceeds of the sale, where it was alleged that the defendants held no interest in the property.
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court