HSBC Bank USA, N.A. v Alexander (2023 NY Slip Op 06030)

HSBC Bank USA, N.A. v Alexander

2023 NY Slip Op 06030

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-00991
 (Index No. 522616/19)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Kinta Alexander, et al., appellants.

Belowich & Walsh LLP, White Plains, NY (Joanna Sandolo and Daniel G. Walsh of counsel), for appellants.
Greenberg Traurig, LLP, New York, NY (Sarah Lemon, Patrick G. Broderick, and Leah Jacob of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Kinta Alexander and Mortgage Electronic Registration Systems, Inc., as nominee for Mid-Island Mortgage Corp. appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 9, 2020. The order, insofar as appealed from, denied those defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the separate motions of the defendants Kinta Alexander and Mortgage Electronic Registration Systems, Inc., as nominee for Mid-Island Mortgage Corp. which were pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2006, nonparty Joan Tyrell Morgan (hereinafter Tyrell Morgan) executed a note which was secured by a mortgage (hereinafter the TM mortgage) on certain real property located in Brooklyn. The TM mortgage was subsequently assigned to the plaintiff.
In March 2009, the plaintiff commenced an action against Tyrell Morgan, among others, to foreclose the TM mortgage (hereinafter the 2009 foreclosure action). The plaintiff filed a notice of pendency in the 2009 foreclosure action (hereinafter the 2009 notice of pendency). In an order dated June 11, 2013, the Supreme Court directed dismissal of the 2009 foreclosure action without prejudice and vacated the 2009 notice of pendency (hereinafter the dismissal order).
By a series of indentures, the subject property was conveyed to nonparty BSD 270, LLC (hereinafter BSD). In November 2015, BSD commenced an action against the plaintiff to cancel and discharge the TM mortgage (hereinafter the BSD action). On May 16, 2016, in the BSD action, the Supreme Court, upon the plaintiff's default, inter alia, granted BSD's motion to discharge the TM mortgage (hereinafter the 2016 discharge order). The 2016 discharge order was recorded on May 19, 2016.
In June 2016, BSD conveyed the property to nonparty Truly Commerce, LLC (hereinafter Truly). Thereafter, in the BSD action, the Supreme Court granted a motion by the plaintiff to vacate the 2016 discharge order (hereinafter the 2016 vacatur order). In January 2017, after the issuance of the 2016 vacatur order, but prior to the 2016 vacatur order being recorded in 2019, Truly conveyed the property to the defendant Kinta Alexander (hereinafter the defendant). Contemporaneously, the defendant executed a note, which was secured by a mortgage on the property, in favor of the defendant Mortgage Electronic Registration Systems, Inc., as nominee for Mid-Island Mortgage Corp. (hereinafter Mid-Island, and together with the defendant, the defendants).
In 2018, the Supreme Court vacated the dismissal order in the 2009 foreclosure action and restored the case to the court's active calendar.
By summons and complaint dated October 7, 2019, the plaintiff commenced this action against the defendants to foreclose the TM mortgage and seeking to consolidate this action with the 2009 foreclosure action. The defendants separately moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them. The defendants contended in their respective motions, inter alia, that the supporting documentary submissions therein, which included judicial orders and public land records, established that the defendant was a bona fide purchaser for value and Mid-Island was a bona fide encumbrancer for value. In an order dated November 9, 2020, the Supreme Court, inter alia, denied the defendants' respective motions without prejudice. The defendants appeal.
"'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (J.P. Morgan Mtge. Acquisition Corp. v South Homes, Inc., 189 AD3d 1381, 1382, quoting Gould v Decolator, 121 AD3d 845, 847).
"'A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording'" (Beltway Capital, LLC v Soleil, 175 AD3d 451, 452-453, quoting New York Community Bank v Vermonty, 68 AD3d 1074, 1076; see Bank of Am., N.A. v Snyder, 154 AD3d 671, 671). "Only bona fide purchasers and lenders for value are entitled to protection from an erroneous discharge based upon their detrimental reliance thereon" (Beltway Capital, LLC v Soleil, 175 AD3d at 453, citing Bank of Am., N.A. v Snyder, 154 AD3d at 672). However, the status of a bona fide purchaser for value or a bona fide encumbrancer for value cannot be maintained by a purchaser or encumbrancer "'with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser [or encumbrancer] to make inquiries concerning such'" (Emigrant Bank v Drimmer, 171 AD3d 1132, 1134, quoting Gregg v M & T Bank Corp., 160 AD3d 936, 940 [internal quotation marks omitted]; see Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709).
Here, despite the defendants' documentary submissions that established that they acquired their respective interests in the property after the 2016 discharge order had been recorded, but prior to the recording of the 2016 vacatur order, there is also record evidence that the plaintiff paid the real estate taxes and the insurance premiums relating to the property both before and after the defendants acquired their respective interests in the property. Thus, there are unresolved factual issues as to whether the defendants had actual knowledge of the TM mortgage prior to the acquisition of their respective interests, and "whether due diligence in examining the tax records for the property would have placed [them] on inquiry notice of the [TM] mortgage" (Emigrant Bank v Drimmer, 171 AD3d at 1134). In light of the foregoing, and as only limited discovery has been conducted, based on the record before this Court, it is not possible to conclusively determine whether the defendant is a bona fide purchaser for value or Mid-Island is a bona fide encumbrancer for value (see Beltway Capital, LLC v Soleil, 104 AD3d 628, 631; see also Bank of Am., N.A. v Snyder, 154 AD3d at 672). Thus, the Supreme Court properly denied the defendants' motions insofar as they sought dismissal of the complaint insofar as asserted against each of them pursuant to CPLR 3211(a)(1).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction and the court must give the plaintiff 'the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nurse v Rios, 160 AD3d 888, 888, quoting Caravello v One Mgt. Group, LLC, 131 AD3d 1191, 1192; see Leon v Martinez, 84 NY2d 83, 87-88). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Affording a liberal construction to the complaint's allegations in support of the first cause of action, and giving the plaintiff the benefit of every possible inference, we find that the facts as alleged sufficiently state a cause of action to foreclose a mortgage. Thus, the Supreme Court properly denied those branches of the defendants' motions which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against each of them.
However, as the defendants correctly contend, there is no recognized cause of action for consolidation in New York. Rather, consolidation is a form of relief that is afforded pursuant to CPLR 602. Thus, the Supreme Court should have granted those branches of the defendants' motions which were pursuant to CPLR 3211(a)(7) to dismiss the second cause of action insofar as asserted against each of them.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court