Lakeview Loan Servicing, LLC v Rafuna (2024 NY Slip Op 05792)

Lakeview Loan Servicing, LLC v Rafuna

2024 NY Slip Op 05792

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-06472
 (Index No. 135090/22)

[*1]Lakeview Loan Servicing, LLC, respondent,
v
Heset Rafuna, appellant, et al., defendants.

Butler, Fitzgerald & Fiveson, P.C., New York, NY (David K. Fiveson and Christopher P. Kohn of counsel), for appellant.
Stern & Eisenberg, P.C., Lagrangeville, NY (Arsenio D. Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose mortgages, the defendant Heset Rafuna appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated June 1, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Heset Rafuna pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is granted.
On June 10, 2009, Carmine Berardi executed and delivered to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Hawthorne Capital Corp., a note in the amount of $421,245, which was secured by a mortgage (hereinafter the original mortgage) on real property located in Staten Island (hereinafter the subject property). The original mortgage was recorded on October 21, 2009.
On October 26, 2011, Berardi executed a gap mortgage in the amount of $4,116.12 and a consolidation, extension, and modification agreement (hereinafter CEMA) with MERS, as nominee for American Financial Resources, Inc. (hereinafter American Financial). The CEMA consolidated the original mortgage with the gap mortgage, creating one lien against the subject property. The gap mortgage and the CEMA were recorded on November 16, 2011.
MERS, as nominee for American Financial, issued a satisfaction of mortgage, which was dated December 9, 2011, and recorded on December 19, 2011, stating that the original mortgage, the gap note, and the CEMA are satisfied and discharged of record. The defendant Heset Rafuna (hereinafter the defendant) acquired title to the subject property nearly five years after the satisfaction of mortgage was recorded, by a deed dated August 5, 2016.
On June 16, 2022, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgages and to vacate the satisfaction of mortgage as being erroneously recorded. The plaintiff alleged that the defendant defaulted in making payments under the CEMA [*2]that became due on April 1, 2020, and thereafter. The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint insofar as asserted against him, contending that the cause of action to vacate the satisfaction of mortgage was time-barred and that, consequently, the cause of action to foreclose the mortgages should be dismissed pursuant to CPLR 3211(a)(1) and (7). In an order dated June 1, 2023, the Supreme Court denied the defendant's motion. The court applied the 10-year statute of limitations for quiet title actions and determined that the cause of action to vacate the satisfaction of mortgage was not time-barred. The defendant appeals.
As the defendant correctly contends, the cause of action to vacate the satisfaction of mortgage was time-barred under the six-year statute of limitations pursuant to CPLR 213(6) for actions to correct a mistake. It is the gravamen or essence of the cause of action that determines the applicable statute of limitations (see Western Elec. Co. v Brenner, 41 NY2d 291, 293; Simmons v Bell, 220 AD3d 647, 648). While a mortgagee may commence an action pursuant to RPAPL article 15 to quiet title to real property and "to declare null and void and to cancel nunc pro tunc [an] erroneously filed and recorded satisfaction of mortgage" (OneWest Bank v Schiffman, 175 AD3d 1543, 1544; see Bank of Am., N.A. v Snyder, 154 AD3d 671, 672), here, the gravamen of the cause of action is to correct a mistake in recording a satisfaction of mortgage, not to quiet title and recover possession of the property (cf. Simmons v Bell, 220 AD3d at 649).
Thus, the six-year limitations period pursuant to CPLR 213(6) is applicable to the second cause of action, seeking to vacate the satisfaction of mortgage (see id.; Citibank, N.A. v Horan, 230 AD3d 1216). The six-year statute of limitations begins to run on the date the mistake was made, not when it was discovered (see Citibank, N.A. v Horan, 230 AD3d 1216). Here, the satisfaction of mortgage was recorded on December 16, 2011. Since this action was not commenced until June 16, 2022, the second cause of action was time-barred.
"'[A] motion to dismiss made pursuant to CPLR 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law'" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125, quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see Leon v Martinez, 84 NY2d 83, 87-88). "'[W]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (U.S. Bank N.A. v Herman, 174 AD3d 831, 832, quoting Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"'[A] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (Ramirez v Bank of N.Y. Mellon, 219 AD3d 1359, 1360, quoting Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 316).
Here, the defendant's evidentiary submissions directed at the satisfaction of mortgage established that the cause of action to vacate the satisfaction of mortgage was time-barred. Since the plaintiff cannot maintain the cause of action to vacate the satisfaction of mortgage, the Supreme Court also should have granted that branch of the defendant's motion which was to dismiss the cause of action to foreclose the mortgages insofar as asserted against him.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court