I-Fix-Screens-Com, Inc. v Ibrahem (2025 NY Slip Op 03052)

I-Fix-Screens-Com, Inc. v Ibrahem

2025 NY Slip Op 03052

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05736
 (Index No. 622413/17)

[*1]I-Fix-Screens-Com, Inc., respondent, 
v
Kareem Ibrahem, et al., defendants, Dahlia Ismail Zaza Chaudri, appellant.

Dalia Zaza, Manhasset, NY, for appellant.
Agulnick Kremin P.C., Melville, NY (Adina Grodsky of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Dahlia Ismail Zaza Chaudri appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated April 6, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the plaintiff, I-Fix-Screens-Com, Inc., an entity in the business of repairing electronics and licensing its marks, operations, proprietary information, and goodwill, commenced this action, among other things, to recover damages for breach of contract against the defendants. Thereafter, in 2020, the plaintiff moved for leave to amend the complaint. The defendant Dahlia Ismail Zaza Chaudri opposed the motion and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. On January 20, 2021, the Supreme Court granted the plaintiff's motion and denied Chaudri's cross-motion.
The plaintiff alleged that on June 1, 2016, it entered into a "Store Management, License and Guaranty Agreement" (hereinafter the agreement) with the defendant Silicon Salvage Corp. (hereinafter SSC), whereby the plaintiff granted SSC a nontransferable license to operate a store located in Lindenhurst for a term of five years. Pursuant to the agreement, Chaudri and the defendant Kareem Ibrahem unconditionally guaranteed certain payments due to the plaintiff under the agreement. The plaintiff alleged, inter alia, that SSC failed to make payments required under the agreement and that it breached the agreement by transferring the plaintiff's marks, operations, and proprietary information to the defendants Candace Foster and Victor "Doe" (hereinafter together the transferees), who thereafter converted the plaintiff's property. The plaintiff asserted, among other things, a cause of action against Chaudri, Ibrahem, and SSC to recover damages for breach of contract and causes of action against the transferees to recover damages for conversion and intentional interference with contract. According to the plaintiff, Chaudri answered the amended complaint in June 2021.
In July 2022, Chaudri moved, inter alia, in effect, pursuant to CPLR 3211(a)(1), (7), [*2]and (8) to dismiss the amended complaint insofar as asserted against her. The plaintiff, among other things, opposed the motion. In an order dated April 6, 2023, the Supreme Court, inter alia, denied that branch of Chaudri's motion. Chaudri appeals.
The Supreme Court properly denied dismissal of the cause of action to recover damages for breach of contract insofar as asserted Chaudri pursuant to CPLR 3211(a)(7). "In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory" (Simmons v Bell, 220 AD3d 647, 650; see Leon v Martinez, 84 NY2d 83, 87-88). "If the court considers evidentiary material on a motion to dismiss pursuant to CPLR 3211(a)(7), the criterion becomes whether the plaintiff has a cause of action, not whether he or she has stated one" (Simmons v Bell, 220 AD3d at 650; see Sokol v Leader, 74 AD3d 1180, 1181-1182). "The motion must be denied unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Simmons v Bell, 220 AD3d at 650 [internal quotation marks omitted]).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (Ripa v Petrosyants, 203 AD3d 768, 769-770 [internal quotation marks omitted], quoting Stewart v Berger, 192 AD3d 940, 941).
Here, the plaintiff sufficiently alleged a cause of action against Chaudri to recover damages for breach of contract. Contrary to Chaudri's contention, an affidavit and the documentary evidence she submitted in support of her motion failed to establish that the plaintiff's allegation that there was a contract between the parties was not a fact at all (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Weill v East Sunset Park Realty, LLC, 101 AD3d 859, 860).
The Supreme Court also properly denied dismissal of the cause of action to recover damages for breach of contract insofar as asserted against Chaudri pursuant to CPLR 3211(a)(1), as that branch of her motion which was to dismiss that cause of action insofar as asserted against her on that ground was untimely, having been made after she served her answer (see id. § 3211[e]; City of New York v Shahid, 192 AD3d 754, 755). In any event, the documents submitted by Chaudri do not utterly refute the plaintiff's factual allegations and conclusively establish a defense as a matter of law to the cause of action to recover damages for breach of contract insofar as asserted against Chaudri (see Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 809).
Moreover, the Supreme Court properly denied dismissal of the amended complaint insofar as asserted against Chaudri pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction due to improper service. "[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (U.S. Bank, N.A. v Orlando, 226 AD3d 946, 948 [internal quotation marks omitted]; see CPLR 3211[e]). Here, Chaudri does not dispute that she served an answer to the amended complaint on June 9, 2021, and that she did not move to dismiss the amended complaint until July 2022. If an objection of lack of personal jurisdiction due to improper service was raised in Chaudri's answer, because that branch of her motion which was to dismiss the amended complaint insofar as asserted against her was made more than 60 days after serving her answer, that branch of her motion is untimely, as she did not claim any undue hardship that prevented her from timely making the motion (see Wells Fargo Bank, N.A. v Gross, 202 AD3d 882, 885). Moreover, if she failed to raise the objection of lack of personal jurisdiction in her answer, which was served before she made her motion, pursuant to CPLR 3211(e) that objection is waived (see id.).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court